Brad D. Rose
Ryan S. Klarberg
Mallory Chandler
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100

*Attorneys for Plaintiff Alpha Mom TV, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALPHA MOM TV, INC., <br><br> Plaintiff, <br><br> - against - <br><br> ALPHA MOM LLC, SHANA CANFIELD, and JACOB CANFIELD, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Alpha Mom TV, Inc. ("Plaintiff" or "Alpha Mom"), by its attorneys Pryor Cashman LLP, alleges as follows against defendants Alpha Mom LLC, Shana Canfield, and Jacob Canfield (collectively, "Defendants"):

### NATURE OF ACTION

1.      This is an action for willful trademark infringement and unfair competition, among other statutory and common law violations.  Plaintiff Alpha Mom is a consumer lifestyle brand and media company for moms and moms-to-be. Alpha Mom has used the trademarks ALPHA MOM® and ALPHA MOM TV® continuously in interstate commerce for two decades, and has obtained incontestable federal trademark registrations for the marks.

2.      Defendants possessed actual knowledge of Plaintiff's ALPHA MOM brand and its incontestable trademark registrations, as evidenced by defendants Shana and Jacob Canfield's

attempt to purchase Plaintiff's ALPHA MOM mark and website prior to initiating their own commercial use. Notwithstanding this knowledge, Defendants launched a dietary supplement and parenting lifestyle brand providing services identical to Plaintiff's under the identical, and therefore infringing, ALPHA MOM mark.

3.     Despite defendants Shana and Jacob Canfield's acknowledgement of Plaintiff's prior rights in and to the ALPHA MOM® mark and Defendants receiving correspondence from Plaintiff requesting that Defendants transition to a new name that does not incorporate ALPHA MOM, Defendants continue to use the infringing ALPHA MOM trademark and has ignored Alpha Mom's prior rights and efforts to resolve the matter.

4.     Defendants' actions have caused and are causing immediate and irreparable harm, not only to Alpha Mom, but to consumers around the country.

5.     To redress the harm that Defendants are causing to Plaintiff and to the public, Plaintiff brings claims for trademark infringement under Section 32(1) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and related claims under statutory and common law. Plaintiff seeks injunctive and monetary relief on account of Defendants' egregious, willful and wanton activities, including exemplary damages, attorneys' fees and costs.

## **PARTIES**

6.     Plaintiff Alpha Mom TV, Inc. is a New York corporation, with an address at 200 E. 62nd Street, New York, New York 10021. Plaintiff is the owner of the ALPHA MOM® and ALPHA MOM TV® trademarks.

7. Upon information and belief, defendant Alpha Mom LLC is a Florida limited liability company, with an address at 1120 Lidflower St., Hollywood, Florida 33019.

8. Upon information and belief, defendant Shana Canfield is an individual residing at 1120 Lidflower St., Hollywood, Florida 33019.

9. Upon information and belief, defendant Jacob Canfield is an individual residing at 1120 Lidflower St., Hollywood, Florida 33019.

## JURISDICTION AND VENUE

10. This case is a civil action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court has subject matter jurisdiction over the claims in this Complaint that relate to trademark infringement and unfair competition pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) & (b).

11. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state common law of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants: (i) transact business within the State of New York; (ii) contract to supply goods within the State of New York; (iii) have committed infringing acts within the State of New York; and (iv) have committed infringing acts outside of the State of New York causing injury to Plaintiff in the State of New York — in circumstances where Defendants (a) regularly do and solicit business in New York, (b) derive revenue from goods used and consumed in New York, and (c) expect and reasonably expect their infringing conduct to have consequences in New York and derive revenue from interstate commerce. Furthermore, defendants Shana and Jacob Canfield

sent an email to Plaintiff, located in New York, inquiring whether Plaintiff was interested in selling the ALPHA MOM trademark and alphamom.com website to defendants Shana and Jacob Canfield. *See* Exhibit A, *infra*. This is direct evidence of Defendants' contacts with the State of New York. Such activities fall within the long-arm statute for personal jurisdiction in the State of New York, C.P.L.R. §§ 301 and 302(a).

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendants are transacting business and committing tortious acts within the State of New York and this District.

## FACTS

### I.     Plaintiff and the ALPHA MOM Brand

14.     Alpha Mom was created in May 2005 by Isabel Kallman after she observed an absence of programming geared towards parents and parenting.

15.     Alpha Mom has been a pioneer in the online and digital parenting world. The company first gained national attention when it launched the first parenting television channel, Alpha Mom TV, on cable via Comcast's (the country's largest cable carrier) video-on-demand service. Alpha Mom TV then expanded its reach as it became available via Cox On Demand systems nationwide, ultimately increasing its national distribution to 13.5 million homes.

16.     In 2006, Alpha Mom launched its online platform via Alphamom.com that included its proprietary educational parenting videos and a robust written content platform featuring unique parenting blogging voices. Alpha Mom's proprietary content was and continues to be embraced by millions of parents nationwide who relish the opportunity to educate themselves on topics ranging from pregnancy to baby and child safety and wellness to stylish maternity wear and crafts for kids.

17.     Alpha Mom is recognized in the media and by consumers and marketers as a leader in the online parenting world.

18.     Alpha Mom has built strong relationships with global retailers, including Amazon, and advertisers who have recognized the strength of the ALPHA MOM® mark. In addition, Alpha Mom has been the holder and active user of its ALPHA MOM® trademark on all of the major social media platforms, including, but not limited to, Facebook, Instagram, Twitter, and Pinterest.

19.     Because of the meteoric success of the brand since its inception, over the past 20 years Alpha Mom has attracted the attention of countless Fortune 500 marketing partners who advertise and/or have entered into marketing partnerships on Alphamom.com including companies such as General Mills, Huggies, P&G, Target, Citigroup, Nintendo, and General Motors.

20.     As a result of its success, Alpha Mom and Ms. Kallman have been the beneficiaries of unsolicited positive publicity, including articles in *New York Magazine*, *Money Magazine*, *USA Today*, *Chicago Tribune*, *Working Mother*, *Woman's Day*, *The Dallas Morning News*, *The Seattle Times*, *Child Magazine*, *Detroit Free Press*, *Entrepreneur Magazine*, and *Metro.*

21.     Ms. Kallman has also appeared on television for her parenting expertise as "Alpha Mom" on *The Today Show*, *Good Morning America*, and *Fox News* and to promote the ALPHA MOM brand.

22.     Plaintiff's ALPHA MOM blog and Alphamom.com website have and continue to be regularly listed as a top pregnancy and parenting blog and website and resource in the United States.

23.     Plaintiff owns incontestable federal trademark registrations for the marks ALPHA MOM and ALPHA MOM TV for use in connection with publication and broadcasting services in Classes 38 and 41 (the "ALPHA MOM® Marks"):

| Mark | Reg. No. | Services |
|------|----------|----------|
| ALPHA MOM | 3,320,140 | Providing on-line non-downloadable newsletters, magazines and journals in the field of lifestyles, pregnancy and parenting; Publication of electronic magazines; Publishing of electronic publications; Online journals, namely, blogs featuring lifestyles, pregnancy and parenting; Entertainment services, namely, providing an on-going television program in the fields of lifestyles, pregnancy and parenting, in Class 41. |
| ALPHA MOM TV | 3,318,979 | Broadcasting programs via a global computer network, in Class 38 |

24.     Plaintiff has been using the mark ALPHA MOM TV in connection with these services since at least as early as June 2004 and has been using the mark ALPHA MOM in connection with these services since at least as early as April 2005.

25.     Plaintiff also owns a pending application for ALPHA MOM, Serial No. 98/583,442, covering electronic commerce services, namely, providing information about products via telecommunication networks for advertising and sales purposes; affiliate marketing; promoting the goods and services of others, in Class 35, with a first date of use in commerce of August 2, 2009.

26.     Plaintiff has never licensed the ALPHA MOM® Marks to Defendants, and Plaintiff has never authorized Defendants to manufacture, market, promote or sell products or render services bearing or under the ALPHA MOM® Marks or any marks similar thereto.

**II.    <u>Defendants' Willful, Unauthorized Adoption of the Infringing ALPHA MOM Mark</u>**

**A. Defendants Shana and Jacob Canfield's Acknowledgement of Plaintiff's Prior Trademark Rights and Launch of a Parenting Lifestyle and Dietary Supplement Business Using the Infringing Mark**

27.     Upon information and belief, on or about July 31, 2023, defendants Shana and Jacob Canfield, sent an email to Plaintiff's general contact email address <contact@alphamom.com> inquiring whether Plaintiff was interested in selling the ALPHA

MOM trademark and <alphamom.com> website to them.  Specifically, the email, with the subject line "Business For Sale Inquiry," stated the following:

> I came across your site when doing some research for a potential business name idea for my wife. I noticed that your blog is fairly inactive and **I was wondering if you were interested in selling your site + the trademark for AlphaMom**. We are both chiropractors and have 4 kids and **want to continue on with the brand you've built and add even more to it. We will take great care of the name and would love to work out something that is fair.** :)

Emphasis added.  The email is signed "Drs. Shana and Jacob Canfield."  Attached hereto as **Exhibit A** is a true and correct copy of the email from <jakecanfield@gmail.com> to <contact@alphamom.com> dated July 31, 2023, at 2:11 PM.

28.     Plaintiff elected not to respond to defendants Shana and Jacob Canfield's email solicitation because Plaintiff had no interest in selling her ALPHA MOM® Marks or the <alphamom.com> website or domain name.

29.     At the time defendants Shana and Jacob Canfield sent the email, Plaintiff was actively using the ALPHA MOM® Marks in commerce, and Plaintiff's <alphamom.com> website was also live and active.

30.     After defendants Shana and Jacob Canfield unsuccessfully attempted to purchase the ALPHA MOM trademark and the <alphamom.com> website and domain name, Defendants unilaterally decided to usurp the ALPHA MOM trademark as their own and began building a competing parenting lifestyle business around the ALPHA MOM mark, based on the two decades of goodwill built up by Plaintiff.

31.     Upon information and belief, on August 7, 2023, a week after sending an email to Plaintiff requesting to purchase its trademark and the <alphamom.com> website and domain name, defendants Shana and Jacob Canfield registered the domain <alphamomlife.com>.

32.     Upon information and belief, on August 23, 2023, defendant Shana Canfield registered the Florida limited liability company ALPHA MOM LLC.

33.     Upon information and belief, Defendant Alpha Mom LLC is owned and operated by defendants Shana and Jacob Canfield.  Attached hereto as **Exhibit B** is a true and correct print-out from the Florida Division of Corporations showing the registration date of Defendant Alpha Mom LLC, which lists defendant Shana Canfield as an "Authorized Person."

34.     Upon information and belief, on September 7, 2023, Defendants created the Alpha Mom, LLC Facebook page, <https://www.facebook.com/alphamomsupplements/>.

35.     Upon information and belief, on October 3, 2023, defendant Shana Canfield changed her username on Instagram to @ALPHAMOM_LIFE and posted the first post under the stolen moniker, <https://www.instagram.com/alphamom_life/>.

36.     Upon information and belief, on October 4, 2023, Defendants registered the domain <alphamom.io>.

37.     The domain <alphamomlife.com> redirects to Defendants' current website at <alphamom.io>.

38.     Upon information and belief, on October 4, 2023, Defendants began using the hashtag #ALPHAMOM on Instagram and TikTok posts under the @ALPHAMOM_LIFE accounts.

39.     Upon information and belief, Defendants also began using the infringing ALPHA MOM mark in connection with an online newsletter, inviting website visitors to "[j]oin thousands

of moms getting weekly tips for energy, focus, and feeling like yourself again — plus 20% off your first order of Thrive Brain Formula."

40.     Defendants also began using the infringing ALPHA MOM mark to advertise and sell a "brain formula" dietary supplement that purportedly improves brain health for mothers, which is currently sold on Amazon:



*see* <https://www.amazon.com/dp/B0D4B1RYZS>.

41.    Defendants market and advertise the dietary supplements on the <alphamom.io> website using the ALPHA MOM trademark, as shown in the example screenshot below:



42.    As shown in the above screenshot, Defendants claim, "We're not just a brand; we're a community dedicated to supporting you in all aspects of life" and defendant Shana Canfield prominently promotes that she is the "FOUNDER OF ALPHA MOM."

43.    Defendants are using Plaintiff's ALPHA MOM trademark to sell a dietary supplement that is potentially harmful to consumers.

44.    Upon information and belief, Defendants' dietary supplements are not approved by the Federal and Drug Administration ("FDA").

45.    Nevertheless, Defendants display an FDA logo on their dietary supplement bottle.

46.    Although Defendants utilize an FDA logo on the side of their dietary supplement bottle, the back of the bottle includes the following in a disclaimer: "These statements have not been evaluated by the Food and Drug Administration," as shown in the photographs below:




Attached hereto as **Exhibit C** are true and correct photographs of Defendants' dietary supplement product bearing the ALPHA MOM mark.

47.    In order to procure one of Defendants' products to confirm their infringing use of Plaintiff's ALPHA MOM mark, on August 23, 2024, Plaintiff's investigator purchased Defendants' dietary supplement product bearing the ALPHA MOM mark from Defendants' Amazon store called the "Alpha Mom Store."

48.    Defendants sold and supplied the dietary supplement bearing the ALPHA MOM mark through Defendants' "Alpha Mom Store" according to the Amazon invoice.

49.    Defendants' "Alpha Mom Store" shipped the dietary supplement bearing the ALPHA MOM mark to Plaintiff's investigator in New York, New York.  Attached hereto as **Exhibit D** is a true and correct copy of the receipt reflecting the purchase of Defendants' dietary

supplement product bearing the ALPHA MOM mark and Defendants' shipment of the product to an address in New York, New York on August 23, 2024.

50.    Upon information and belief, Defendants are selling a potentially harmful dietary supplement bearing the infringing ALPHA MOM mark that has not been evaluated or approved by the FDA while suggesting that it has been approved by the FDA by using the FDA logo on the bottle.

51.    In competition with Plaintiff's ALPHA MOM lifestyle brand, Defendants are building a parenting lifestyle brand using the infringing ALPHA MOM mark and promoting this brand on nearly all major social media platforms, including Facebook, Instagram, TikTok, and Threads:









52.    In a post on TikTok, defendant Shana Canfield tells her followers that she came up with the name ALPHA MOM because so many men's performance enhancing supplements begin with ALPHA, and mothers need an extra performance enhancing boost as well. *See* <https://www.tiktok.com/@alphamom_life/video/7308856613102751022>:



53.     Defendant Shana Canfield engages in problematic conduct by: (a) advertising a purported performance-enhancing dietary supplement under the ALPHA MOM mark that has not received FDA approval, and (b) utilizing her social media accounts using the infringing ALPHA MOM trademark to disseminate these advertisements and related claims.

54.     In addition, defendant Shana Canfield suggests to consumers that she created the ALPHA MOM mark on her own, failing to mention that she actually stole the mark and brand from Plaintiff, in clear violation of Plaintiff's trademark rights.

55.     Furthermore, Defendants cannot credibly assert ignorance of trademark rights or unauthorized use, nor can they maintain that they inadvertently built their brand using Plaintiff's mark. Defendants possesses demonstrable awareness of trademark rights and the necessity of authorization. This is evidenced first by defendants Shana and Jacob Canfield's prior communication with Plaintiff seeking to purchase Plaintiff's ALPHA MOM mark and domain name.  Second, Defendants' own product packaging for their "Thrive" brain formula dietary supplement offered under the ALPHA MOM brand explicitly identifies the ZYNAMITE® mark as a registered trademark not owned by Defendants, thereby acknowledging proper trademark attribution practices, as depicted in the photograph below:



56.     This fact, combined with defendants Shana and Jacob Canfield's attempt to purchase Plaintiff's ALPHA MOM trademark before beginning their infringing activities, underscores the willful nature of Defendants' conduct as alleged herein.

**B. Defendant Alpha Mom LLC Seeks Federal Registration of the Infringing ALPHA MOM Mark**

57.     On January 11, 2024, Defendant Alpha Mom LLC filed an application for the mark ALPHA MOM with the United States Patent and Trademark Office ("USPTO"), Serial No. 98/353,023.  Defendant Alpha Mom LLC applied to register the mark for "on-line retail store services featuring health and wellness supplements; electronic commerce services, namely, providing information about products via telecommunication networks for advertising and sales purposes," in Class 35 (the "Class 35 ALPHA MOM Application").

58.     On May 15, 2024, Defendant Alpha Mom LLC filed a separate application for the mark ALPHA MOM with the USPTO, Serial No. 98/551,480, this time applying to register the mark for "amino acids for nutritional purposes; dietary supplements; dietary supplements for human beings; dietary supplements for human consumption; dietary supplements for humans; dietary supplements in the form of capsules; dietary food supplements; herbal supplements for energy; herbal supplements for focus; herbal supplements for mental clarity; nutritional supplements; nutritional supplements for energy; nutritional supplements for focus; nutritional supplements for mantal clarity; dietary and nutritional supplements; health food supplements; herbal supplements; mineral supplements; mineral dietary supplements; mineral food supplements; mineral nutritional supplements; natural dietary supplements; natural herbal supplements; nutraceuticals for use as a dietary supplement for energy; nutraceuticals for use as a dietary supplement for focus; nutraceuticals for use as a dietary supplement for mental clarity; nutraceuticals for use as a dietary supplement; vitamin supplements; vitamin and mineral

supplements," in Class 5 (the "Class 5 ALPHA MOM Application," together with the Class 35 ALPHA MOM Application, the "Infringing ALPHA MOM Applications").

59.    Both Infringing ALPHA MOM Applications list a date of first use in commerce of October 3, 2023.

60.    The Examining Attorney of the Infringing ALPHA MOM Applications has denied registration of Defendant Alpha Mom LLC's Infringing ALPHA MOM Applications based on a likelihood of confusion with Plaintiff's ALPHA MOM® trademark registrations.

61.    While Defendant Alpha Mom LLC attempted to argue around the refusals, the Examining Attorney issued Final Office Actions maintaining the refusals of the Infringing ALPHA MOM Applications on March 25, 2025.  Attached hereto as **Exhibit E** are true and correct copies of the Final Office Actions issued against the Infringing ALPHA MOM Applications.

62.    Specifically, the Examining Attorney has determined that the subject marks of the Infringing ALPHA MOM Applications are not only identical to Plaintiff's ALPHA MOM® Marks, but also create the same overall commercial impression "of a mother who is doing a great job at handling the multiple facets of her life."  *See* Ex. E at 7, 146.

63.    With respect to a comparison of the goods and services in the Infringing ALPHA MOM Applications and Plaintiff's ALPHA MOM® Marks, the Examining Attorney provides ample evidence that "it is common for nutritional supplement brands/stores to offer programming and media in the fields of health, nutrition, and fitness . . ." and "these goods and services are related, as all are used for the common purpose of improving one's health."  *See* Ex. E at 8, 147.

64.    Defendants have flagrantly disregarded Plaintiff's federally-recognized, registered trademark rights and common law rights by callously usurping the ALPHA MOM® Marks and

saturating social media, e-commerce websites and more with their use of the infringing ALPHA MOM mark.

65.    Defendants' open and egregious infringement is clearly displayed on their website at <https://www.alphamom.io/buy-thrive>, which prominently uses the infringing ALPHA MOM mark, Defendants' domain names <alphamom.io> and <alphamomlife.com>, as well as on their social media pages and on other websites (including Amazon.com) displaying the infringing ALPHA MOM mark, to promote Defendants' parenting lifestyle brand and sell an unregulated, potentially harmful dietary supplement, all under the infringing ALPHA MOM mark.

66.    In addition, Defendants offer on-line newsletters to subscribers under the infringing ALPHA MOM mark, despite having knowledge of Plaintiff's prior rights in and registration for ALPHA MOM® for "providing on-line non-downloadable newsletters, magazines and journals in the field of lifestyles, pregnancy and parenting."

67.    Defendant Shana Canfield holds herself out to be the "Alpha Mom" in a further attempt to trade upon Plaintiff's prior rights.

68.    Plaintiff's ALPHA MOM® Marks serve as single source identifiers of Plaintiff and its mission to provide support and trustworthy resources to parents.

69.    Defendants' continued infringement damages Plaintiff's ability to market and promote awareness for parents who rely on Plaintiff's services as a parenting resource.  Moreover, Plaintiff's consumers who have put trust into Plaintiff over the past two decades are likely to be confused by Defendants' use of the infringing ALPHA MOM mark and may even unsuspectingly purchase a harmful product that is not associated with Plaintiff, although consumers may be confused that Plaintiff has sponsored or endorsed this product.

**III.**    **Plaintiff's Enforcement Efforts Against Defendants to Date**

70.    As once a young entrepreneur herself, Ms. Kallman, Plaintiff's founder, supports women in business, especially those who make it their business to help improve the lives of mothers and parents, as was and is Ms. Kallman's goal.  However, Plaintiff could not allow Defendants to continue to use the ALPHA MOM® Marks without authorization to sell a potentially harmful, consumable dietary product to consumers and offer identical services.

71.    Therefore, on or about May 3, 2024, counsel for Plaintiff sent a letter to counsel for Defendants reminding Defendants of Plaintiff's prior rights in and to the ALPHA MOM® Marks and requesting the parties have a conversation to resolve the matter without the need for judicial intervention.  Attached hereto as **Exhibit F** is a true and correct copy of the letter sent to Defendants' counsel on May 3, 2024.

72.    Notably, after receiving Plaintiff's letter, instead of working towards a resolution, Defendant Alpha Mom LLC filed the Class 5 ALPHA MOM Application two weeks later.

73.    Over the following months, Plaintiff's counsel attempted to discuss the matter with Defendants' counsel, but, in willful violation of Plaintiff's intellectual property rights, Defendants continued to ignore Plaintiff's prior rights, and Defendants continued using the infringing ALPHA MOM mark for their goods and services.

**IV.**    **Plaintiff Is Suffering Irreparable Harm**

74.    Defendants have undertaken activities in connection with the sale and promotion of products and rendering of services that are likely to cause consumer confusion as to the source or origin of their goods and services.  In particular, consumers are likely to mistakenly believe that Plaintiff is the source of Defendants' supplement products and services offered under the

infringing ALPHA MOM mark, or, at a minimum, that Plaintiff is affiliated with, sponsored or has endorsed such products and services.

75. The likelihood of confusion, mistake and deception created by Defendants' sale of the products and rendering of services in connection with the infringing ALPHA MOM mark is causing irreparable harm to Plaintiff and the goodwill associated with the ALPHA MOM brand.

76. Upon information and belief, Defendants undertook the actions described herein with the deliberate intent to create confusion as to the source, sponsorship, and quality of Defendants' products and services. Despite prior knowledge of Plaintiff and its longstanding trademark rights, Defendants have cavalierly forged ahead with their continued infringement.

77. Upon information and belief, Defendants undertook the actions described herein to mislead consumers into believing that Plaintiff has endorsed, sponsored, or is somehow associated with the infringing ALPHA MOM-branded supplements.

78. Upon information and belief, Defendants adopted the infringing ALPHA MOM mark to, at a minimum, call to mind Plaintiff's ALPHA MOM brand.

79. Despite their awareness of Plaintiff's incontestable, federally registered marks and services to help new and young parents, Defendants continue to willfully infringe the ALPHA MOM® Marks and inflict significant and irreparable harm on Plaintiff.

80. Defendants cannot callously and arrogantly disregard the firmly established and protectable trademark rights of Plaintiff.

81. Defendants' actions have even gone so far as to prevent Plaintiff from continuing to protect its brand.

82. On January 9, 2025, Plaintiff received an Office Action issued against its third application for ALPHA MOM, Serial No. 98/583,442, covering "electronic commerce services,

namely, providing information about products via telecommunication networks for advertising and sales purposes; affiliate marketing; promoting the goods and services of other," in Class 35 ("Plaintiff's Application"). As a basis for the Office Action, the Examining Attorney cited Defendant Alpha Mom LLC's Infringing ALPHA MOM Applications as a potential for likelihood of confusion and refused registration of Plaintiff's Application. Attached hereto as **Exhibit G** is a true and correct copy of the Nonfinal Office Action issued against Plaintiff's Application.

83.     Defendants' conduct described herein is intentional, malicious, willful, and wanton.

84.     Defendants' conduct has injured Plaintiff, and if not enjoined, will continue to injure Plaintiff.

85.     Defendants' unlawful actions described herein commenced nearly two decades after Plaintiff began using and first registered the ALPHA MOM® Marks in the United States.

86.     Plaintiff will suffer irreparable harm to its business reputation and the goodwill associated with the ALPHA MOM® Marks because it has no control over Defendants' products or services.

87.     Defendants' deceptive conduct is harming the public in addition to harming Plaintiff and the ALPHA MOM brand.

## FIRST CLAIM
### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114

88.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

89.     Plaintiff owns all right, title and interest in and to the ALPHA MOM® Marks, which are valid and protectable marks.

90.     Plaintiff owns two federally-registered, incontestable trademarks covering the ALPHA MOM® Marks, namely U.S. Reg. No. 3,320,140 and U.S. Reg. No. 3,318,979.

91.     Defendants have used in commerce, without Plaintiff's permission, the ALPHA MOM® trademarks in a manner that is likely to cause confusion or mistake or deceive purchasers as to the source of Defendants' goods and services and/or cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship or association of Plaintiff and/or Plaintiff's services, on the one hand, with Defendants and/or their respective goods, services or commercial activities, on the other hand.

92.     Defendants' acts constitute infringement of Plaintiff's ALPHA MOM® Marks under 15 U.S.C. § 1114.

93.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer damage to its trademark rights, business reputation and goodwill.

94.     Unless restrained, Defendants will continue to use a mark that is identical and/or confusingly similar to the ALPHA MOM® Marks and will cause irreparable damage to Plaintiff.

95.     Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

96.     Plaintiff is further entitled to recover from Defendants the actual damages that it has sustained and/or is likely to sustain as a result of Defendants' wrongful acts.

97.     Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.

98.    Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of exemplary damages under the common law, and treble damages, increased profits, and its reasonable attorneys' fees under 15 U.S.C. § 1117.

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**15 U.S.C. § 1125(a)**

99.    Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

100.    Plaintiff owns all right, title and interest in and to the ALPHA MOM® Marks.

101.    Defendants have used in commerce marks that are identical to the ALPHA MOM® Marks on potentially harmful dietary supplements and to promote a competing parenting lifestyle brand.

102.    Defendants' unlawful acts in appropriating rights in the ALPHA MOM® Marks are and were intended to co-opt Plaintiff's goodwill for Defendants' own pecuniary gain.

103.    Defendants' use of the infringing ALPHA MOM mark has caused and is likely to cause confusion as to the source of Defendants' products and services, all to the detriment of Plaintiff.

104.    Defendants' conduct as alleged herein, including their use of the infringing ALPHA MOM mark in connection with related and/or identical services and goods, constitutes false designation of origin, as such conduct is likely to cause confusion and/or to deceive users and consumers as to the origin, sponsorship, affiliation, connection and/or association of Plaintiff with Defendants' goods and services.

105.    Defendants' use of the infringing ALPHA MOM mark is calculated and intended to deceive and is likely to deceive consumers into believing that Defendants' ALPHA MOM

23

products and services are Plaintiff's products and services and/or that Plaintiff is associated with Defendants' products and services.

106.    Defendants are capitalizing on and profiting from the likely consumer confusion between their use of the infringing ALPHA MOM mark, on the one hand, and Plaintiff's use of the ALPHA MOM® Marks, on the other hand.

107.    Plaintiff does not now and has never sponsored, approved, or authorized Defendants' use of the infringing ALPHA MOM mark or any other intellectual property owned by Plaintiff.

108.    Defendants' conduct is willful and deliberate and done with the intent to unfairly commercially benefit from the goodwill associated with the ALPHA MOM® Marks and with Plaintiff more generally.

109.    Defendants' use of the ALPHA MOM® Marks has caused and is likely to cause confusion and, unless enjoined, is likely to lead consumers to the mistaken belief that Defendants' goods and services originate from or are in some way associated with, affiliated with, connected to, related to, or sponsored or approved by Plaintiff.

110.    The aforesaid and continuing acts of Defendants infringe Plaintiff's ALPHA MOM® Marks and constitute unfair competition in violation of 15 U.S.C. § 1125(a).

111.    Plaintiff has been damaged by said infringement and unfair competition and has no adequate remedy at law for Defendant's continuing infringement.

112.    Plaintiff is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement and unfair competition.

113.    Unless enjoined, Defendants' continuing infringement will cause irreparable harm to Plaintiff.

114.    Plaintiff is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts.

115.    Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their willful wrongful acts.

116.    Because of the willful and malicious nature of Defendants' wrongful acts, Plaintiff is entitled to an award of exemplary damages under the common law, and treble damages, increased profits, and its reasonable attorneys' fees under 15 U.S.C. § 1117.

### THIRD CLAIM
### NEW YORK COMMON LAW UNFAIR COMPETITION AND
### NEW YORK GENERAL BUSINESS LAW § 360

117.    Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

118.    Plaintiff owns all right, title, and interest in and to the ALPHA MOM® Marks.

119.    Consumers identify the ALPHA MOM® Marks exclusively with Plaintiff.

120.    Plaintiff has invested substantial time, labor, skills, resources, and effort to generate enormous goodwill and a strong reputation in the ALPHA MOM® Marks.

121.    Defendants have infringed the ALPHA MOM® Marks by using an identical mark to promote and sell dietary supplements and promote and render identical and closely related services including electronic commerce services, namely, providing information about products via telecommunication networks for advertising and sales purposes, promoting the goods and services of others, providing on-line newsletters, and offering a parenting lifestyle brand.

122.     Defendants' use of the infringing ALPHA MOM mark is calculated to and is likely to create confusion and deceive and mislead consumers into believing that Defendants' goods, services, and commercial activities originate with or are authorized by Plaintiff or that Plaintiff is responsible for Defendants' goods, services, and commercial activities, all to the detriment of Plaintiff.

123.     Defendants' use of the infringing ALPHA MOM mark is also calculated to and is likely to cause confusion as to the source of Defendants' goods and services.

124.     Defendants' unlawful acts are intended to misappropriate Plaintiff's goodwill and the ALPHA MOM® Marks for Defendants' own pecuniary, reputational, and other corporate gain.

125.     Upon information and belief, Defendants' unlawful acts have also been committed in bad faith — being willful and malicious infringement that is intended to confuse the public and injure Plaintiff for Defendants' gain — despite defendants Shana and Jacob Canfield having prior knowledge of Plaintiff's ALPHA MOM brand and the ALPHA MOM® Marks.

126.     Defendant's acts as alleged herein constitute unfair competition under the common law of the State of New York (which remains enforceable pursuant to New York General Business Law § 360-o), and will, unless enjoined by this Court, continue to result in harm to Plaintiff's business, the ALPHA MOM® Marks, and goodwill associated with Plaintiff.

127.     Defendants' acts have caused, and are causing, significant and irreparable harm and damage to Plaintiff.

128.     Plaintiff has no adequate remedy at law and, unless Defendants are permanently restrained and enjoined by this Court, such irreparable harm will continue.

129.    As a direct and proximate result of Defendants' actions as stated herein, Plaintiff has suffered damage to its reputation, the ALPHA MOM® Marks, and the goodwill associated with the ALPHA MOM® Marks and the ALPHA MOM brand.

130.    Plaintiff is entitled to exemplary damages as a result of Defendants' gross, willful, and malicious wrongful acts alleged herein.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

1.    A permanent injunction enjoining Defendants, and their subsidiaries, partners, members, officers, agents, servants, employees, attorneys, and those in active concert or participation with them or any of them who receive actual notice of the order and judgment of this Court, from:

a.    any further use of any trademark, which includes in whole or in part the term "ALPHA MOM" in connection with goods, services and commercial activities associated with dietary supplements, a parenting lifestyle brand, and the other goods and services identified in the Infringing ALPHA MOM Applications, and any other related goods and services;

b.    using any other mark, word, name, or symbol similar to Plaintiff's ALPHA MOM® Marks which is likely to cause confusion or cause a mistake or deceive in connection with goods, services and commercial activities associated with dietary supplements, a parenting lifestyle brand, and the other goods and services in the Infringing ALPHA MOM Applications, and any other related goods and services;

      c.     infringing Plaintiff's rights in its aforesaid ALPHA MOM® Marks, or using any colorable imitation thereof in connection with goods, services, and commercial activities associated with dietary supplements, a parenting lifestyle brand, and the other goods and services in the Infringing ALPHA MOM Applications, and any other related goods and services; and

      d.     continuing the acts of unfair competition;

2.     Pursuant to 15 U.S.C. § 1116(a), ordering Defendants to file with the Court and serve upon Plaintiff's counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

3.     Awarding Plaintiff all of Defendants' profits, and Plaintiff's damages by reason of the acts of trademark infringement and unfair competition complained of, with said damages to be trebled pursuant to 15 U.S.C. § 1117;

4.     Awarding Plaintiff exemplary damages for Defendants' willful and reckless conduct and continuing unfair competition and infringement of Plaintiff's rights continuing after actual or constructive notice of the same;

5.     Awarding Plaintiff its costs, expenses, and reasonable attorneys' fees to the extent allowed by law; and

6.     Awarding Plaintiff such other or further relief as the Court may deem just and proper.

Dated:  New York, New York
        April 18, 2025

Respectfully submitted,

PRYOR CASHMAN LLP

Brad D. Rose
Ryan S. Klarberg
Mallory Chandler
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Fax: (212) 798-6369
brose@pryorcashman.com
rklarberg@pryorcashman.com
mchandler@pryorcashman.com

*Attorneys for Plaintiff Alpha Mom TV, Inc.*